**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| BRIDGET DE MOURA CASTRO AND | : | 3:21-CV-01020 (CSH) |
| LUIZ DE MOURA CASTRO, by his next best | : | |
| friend Helena Hilario | : | |
| *Plaintiffs* | : | |
| v. | : | |
| | : | |
| LOANPAL, LLC, D/B/A GOODLEAP, | : | |
| PRIME ENERGY, LLC  AND 1ST LIGHT | : | |
| ENERGY, INC. | : | |
| | : | SEPTEMBER 23, 2021 |
| *Defendants* | | |

### DEFENDANT, 1ST LIGHT ENERGY'S, MOTION TO STAY PROCEEDINGS

The Defendant, 1st Light Energy, Inc, hereby moves to stay proceedings to allow for arbitration. In this lawsuit, Plaintiffs bring various claims related to the installation of a solar energy system on a residential property. Plaintiffs' claims arise out of a written contract, which Plaintiffs attach to the Complaint as Exhibit B. *See dkt # 1-2.* That written contract contains a provision requiring arbitration. Pursuant to 9 U.S.C. § 3, 1st Light Energy respectfully requests that this Court stay these judicial proceedings while this matter is referred to arbitration.

9 U.S.C. § 3 provides that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the

agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

The written contract that is attached to Plaintiffs' Complaint contains the following arbitration clause:

> Arbitration: Other than breach due to the Customer's interference with the Rebate or default of payment by the Customer described in other sections of this Agreement, any other dispute between the parties shall be decided in accordance with the latest rules and procedures as set forth by the American Arbitration Association. Parties hereby agree that any dispute or differences arising out of or in connection with this Agreement shall be determined by the appointment of a single arbitrator to be agreed between the parties. Parties further agree that the decision made by the appointed arbitrator shall be final and binding, and each party shall be responsible for its own cost and expenses related to arbitration.

*See dkt # 1-2.*

In accordance with 9 U.S.C. § 3, and giving effect to the parties' agreement, this Court ought to stay these proceeding to allow for arbitration. The nature of Plaintiffs' claims do not alter that analysis or otherwise take this matter beyond the scope of the parties' agreement to arbitrate.

"The party seeking to stay the case in favor of arbitration bears an initial burden of demonstrating that an agreement to arbitrate was made." *Hines v. Overstock.com, Inc.*, 380 F. App'x 22, 24 (2d Cir. 2010). See also *Fresh Express, Inc. v. Sardilli Produce & Dairy Co.*, No. 3:09cv1420(SRU), 2010 U.S. Dist. LEXIS 95925, at *10 (D. Conn. Sep. 15, 2010). Plaintiffs have attached what appears to be a signed agreement to the Complaint. In paragraph 41of the Complaint, Plaintiffs allege that Mrs. de Moura Castro agreed to have the solar panels installed. In paragraph 44 of the Complaint, Plaintiffs allege that she tapped the screen on an electronic tablet device, but that she

2

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

did not know what she was tapping.  In paragraph 45 of the Complaint, Plaintiffs allege that she tapped the screen on an electronic tablet device to allow the solar project to go forward.

The plain language of the Complaint alleges that Plaintiff took affirmative steps to formalize an agreement for the installation of solar panels by tapping the tablet screen.  Plaintiff's allegations that she tapped the tablet screen without looking at the agreement is akin to signing a contract without reading it, and does not render that agreement unenforceable.  In Connecticut, "the general rule is that where a person of mature years and who can read and write signs or accepts a formal written contract affecting his pecuniary interests, it is his duty to read it and notice of its contents will be imputed to him if he negligently fails to do so."  *Delk v. Go Vertical Inc.* 303 F. Supp. 2d 94, 99 (D. Conn. 2004) (collecting cases).  Plaintiffs allegations present a prima facie case that a contract existed and that the contract contains a mandatory arbitration clause.

Once the party seeking arbitration has made a showing, "[t]he party resisting arbitration bears the burden of demonstrating that the arbitration agreement is invalid or does not encompass the claims at issue."  *Shetiwy v. Midland Credit Mgmt.*, 959 F. Supp. 2d 469, 473 (S.D.N.Y. 2013).  Each of the claims presented are subject to arbitration.  With the exception of certain issues relating to payment, the arbitration clause specifies "any dispute or differences arising out of or in connection with this Agreement" is subject to arbitration.  *See dkt* # 1-2.  "[E]xpansive language will generally suggest a broad arbitration clause . . . For example, arbitration clauses that cover 'any and all controversies' . . . have been found to be 'inclusive, categorical, unconditional and unlimited.'"  (Citation omitted.)

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

*Tahirou v. New Horizon Enters., LLC*, No. 3:20-cv-00281 (MPS), 2020 U.S. Dist. LEXIS 201582 (D. Conn. Oct. 29, 2020) (finding that arbitration clause at issue, which incorporated expansive opening terms such as "any controversy or claim" and "including, but not limited to," was broad, ambiguous, and court applied presumption in favor of arbitrability); see *Levine v. Advest, Inc.*, 244 Conn. 732, 749, 714 A.2d 649 (1998) ("if the arbitration agreement is ambiguous as to whether the issue in dispute is arbitrable, the arbitration act requires the court to resolve the ambiguity in favor of arbitration of the issue"). Moreover, Count One alleges claims under the Fair Credit Reporting Act. Violations of that act are subject to arbitration. See *Chana Biller v. Am. Express Co.*, No. 19-CV-7173 (DLI)(PK), 2021 U.S. Dist. LEXIS 36066 (E.D.N.Y. Feb. 23, 2021); *Clookey v. Citibank, N.A.*, No. 8:14-cv-1318 (GLS/DJS), 2015 U.S. Dist. LEXIS 164802 (N.D.N.Y. Dec. 9, 2015). Count Two alleges that Defendants did not make required disclosures under the Truth in Lending Act ("TILA"). Courts have held that claims under the TILA are subject to arbitration. See *Cho v. JS Autoworld 1 Ltd.*, 97 F. Supp. 3d 351, 357 (E.D.N.Y. 2015); *Randolph v. Green Tree Fin. Corp.*, 244 F.3d 814, 819 (11th Cir. 2001); *Johnson v. West Suburban Bank*, 225 F.3d 366, 377-78 (3d Cir. 2000). Counts Three and Four allege violations under the Connecticut Unfair Trade Practices Act (CUTPA). The Connecticut Supreme Court has said CUTPA claims are subject to arbitration. See *Fink v. Golenbock*, 238 Conn. 183, 196 n.10, 680 A.2d 1243, 1252 (1996). Count Five allege claims of elder exploitation under C.G.S. § 17b-462, and Count Six alleges fraudulent concealment are subject to arbitration pursuant to the expansive language of the arbitration agreement.

4

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

1st Light Energy has made a showing that the parties executed a written agreement that contains an arbitration agreement.  It respectfully moves this Court to stay these proceedings.

BY /s/
David C. Yale
Federal Bar #ct26912
Hassett & George, P.C.
945 Hopmeadow Street
Simsbury, CT 06070
(860) 527-0353
dyale@hgesq.com

5

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRIDGET DE MOURA CASTRO AND | : | 3:21-CV-01020 (CSH) |
| LUIZ DE MOURA CASTRO, by his next best | : | |
| friend Helena Hilario | : | |
| *Plaintiffs* | : | |
| v. | : | |
| | : | |
| LOANPAL, LLC, D/B/A GOODLEAP, | : | |
| PRIME ENERGY, LLC  AND 1ST LIGHT | : | |
| ENERGY, INC. | : | |
| | : | SEPTEMBER 23, 2021 |
| *Defendants* | | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date first above a copy of the foregoing **DEFENDANT 1ST LIGHT ENERGY'S MOTION TO STAY PROCEEDINGS** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

BY /s/
David C. Yale
Federal Bar #ct26912
Hassett & George, P.C.
945 Hopmeadow Street
Simsbury, CT 06070
(860) 527-0353
dyale@hgesq.com

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888  Juris 407894