UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRIDGET DE MOURA CASTRO & : | Case No.: 3:21-cv-01020-CSH |
| LUIZ DE MOURA CASTRO, by his next | |
| friend Helena Hilario : | |
|     Plaintiffs | |
| v. : | |
| | |
| LOANPAL, LLC d/b/a GOODLEAP, : | |
| PRIME ENERGY LLC d/b/a PRIME | |
| ENERGY SOLAR, | |
| 1ST LIGHT ENERGY, INC. | |
| | |
|     Defendants : | OCTOBER 8, 2021 |

**<u>DEFENDANT'S, LOANPAL, LLC d/b/a GOODLEAP, REPLY BRIEF PURSUANT TO LOCAL RULE 7(d) TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY</u>**

**INTRODUCTION**

    From a cursory review of the Plaintiff's complaint a significant and unavoidable conclusion emerges. An agreement was reached between Ms. de Moura Castro (Plaintiff) and a representative of the Defendant, Prime Energy LLC. The Plaintiff was solicited by a salesperson to purchase solar panels and Ms. de Moura Castro (Plaintiff) accepted that offer. See Plaintiff's Complaint, paragraph 22, 40 and 41. "Ms. de Moura Castro agreed to have the solar panels installed." Plaintiff's Complaint, paragraph 41. There is no doubt that the Plaintiff received the consideration bargained for. On page 2 of the Plaintiff's Complaint a picture evidencing the installed solar panels is provided by the Plaintiff.

1

Exhibit A to the Plaintiff's complaint is the Loan Agreement between Loanpal, LLC and the Plaintiff. Within it is an expansive arbitration provision which contains, inter alia, the following language:

> "All claims and disputes arising out of or related to this Agreement (hereafter, "Disputes") shall be resolved by binding arbitration on an individual basis. The arbitration shall also decide any issue relating to the making, validity, enforcement or scope of this arbitration agreement, arbitrability, defenses to arbitrability including unconscionability, or the validity of this jury trial, class action or representative action waiver (collectively "arbitrability issues")...The Federal Arbitration Act (9USC §§1-16) (the "FAA") shall govern this Agreement including arbitrability issues."

See Plaintiff's Complaint, Exhibit A, Section 15.

**ARGUMENT**

The Plaintiff's opposition papers go on at great length, much like a closing argument to a jury, about the merits of its various claims, however, the Plaintiff, like the plaintiff in *Kubista vs. Value Forward Network, LLC,* 2012 WL 2974675 (D.S.D. July 20, 2012) confuses the issue of arbitrability with the merits of its claim, "and the Supreme Court has cautioned against this". See *Kubista* at 3.

Congress has established a strong federal policy in favor of arbitration. *Shearson/American Express Inc. vs. McMahon,* 482 U.S. 220, 220 (1987). The court's role in determining whether a stay is appropriate has consequently been restricted to two issues: 1. Is there a valid agreement to arbitrate; and; 2. Does the dispute fall within the scope of that agreement?

In this immediate case, we know that an agreement of some kind was reached and that the Plaintiff received the consideration bargained for. There is no suggestion that she did not receive the consideration, and, in fact the Plaintiffs provided graphic evidence to

the contrary at page two of her Complaint. Rather it is her claim that the panels were "free". See Certificate of Plaintiff appended to Plaintiff's Opposition at paragraph 2; See Plaintiff's Complaint paragraphs 24, 40, 41. Plaintiff also acknowledged, however, that she was presented with a tablet "and tapped the screen to permit the project to go forward". See Plaintiff's Complaint paragraph 45. In addition, Co-defendant, 1st Light Energy, Inc., has submitted an affidavit with its reply brief showing that the terms of its contract with the homeowners were reviewed with them in a lengthy recorded telephone call.[1]

The Defendant, Loanpal, LLC's Agreement is configured for electronic signature and the legal effectiveness of an electronic signature cannot be denied, 15 U.S.C. §7001 et. seq.; Conn. Gen. Stat. 1-272 et. seq. *(See Jason Walker's Affidavit attached hereto)*.[2]

The Plaintiff's failure to read what she was signing provides no relief from the force and effect of the document signed. To the extent that the Plaintiff now claims that there was no agreement and that the panels were "free", it is respectfully suggested that this is a revisionist portrayal of the facts. The immutable fact is that an agreement was reached, consideration was received, and the contract prong of the analysis has been satisfied.

Clearly the second prong of the analysis is satisfied as the issues raised within the four corners of the Plaintiff's Complaint fall well within the four corners of the arbitration language referenced above. The FAA allows delegation to the arbitrator of the responsibility to determine if the underlying contract is unconscionable, fraudulent or void. In *Rent-A-Center, West, Inc. v. Jackson,* 561 U.S. 63 (2010), the Court drew an important

---

[1] Defendant, Loanpal, LLC, hereby incorporates said Affidavit by reference in this Brief.

[2] Mr. Walker's Affidavit also makes it clear that Mark Murphy, the individual who dealt with the Plaintiffs, was not an employee or agent of Goodleap LLC (f/k/a Loanpal, LLC). Further, it makes clear that Goodleap (f/k/a Loanpal, LLC) does not act as a "home improvement contractor" as defined in § 20-419(4) C.G.S. The Defendant, Loanpal, LLC, wants this to be clear because the Plaintiffs have casually lumped all of the Defendants together in their material allegations.

distinction between validity challenges to contracts which contain arbitration clauses and it challenges specifically the validity of arbitration language.

> There are two types of validity challenges under § 2: "One type challenges specifically the validity of the agreement to arbitrate," and "[t]he other challenges the contract as a whole, either on a ground that directly affects the entire agreement (*e.g.*, the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid." *Rent-A-Center, West, Inc.* at 70.

The former is a challenge for judicial consideration. The latter challenge, which is the category the Plaintiff's claims fall into, are properly delegated to an arbitrator since they fit within the arbitration clause in the contract.

In the immediate case there is no claim that the arbitration language itself is unconscionable or void. Rather it is the entire contract which is challenged under a number of theories, and that determination is appropriately referred to the arbitrator where the arbitration agreement delegates to the arbitrator the issue of arbitrability and all issues associated with validity and unconscionability. "[R]egardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." See *Buckeye Check Cashing, Inc. v. Candegna,* 546 U.S. 440, 449 (2006).

**CONCLUSION**

For the foregoing reasons, the Defendant, Loanpal, LLC d/b/a Goodleap, respectfully requests that the immediate action be stayed in accordance with Section 3 of the Federal Arbitration Act.

DEFENDANT
LOANPAL, LLC d/b/a GOODLEAP

By /s/ Joseph V. Meaney, Jr. (ct 04315)
   Joseph V. Meaney, Jr., Esq.
   Cranmore, FitzGerald & Meaney
   1010 Wethersfield Avenue, Suite 206
   Hartford, CT 06114
   Phone:  (860) 522-9100
   Fax:     (860) 522-3379

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2021, the foregoing document was filed electronically. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the Court's CM/ECF System.

/s/ Joseph V. Meaney, Jr. ct04315
Joseph V. Meaney, Jr., Esq.
Cranmore, FitzGerald & Meaney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| BRIDGET DE MOURA CASTRO & | : | Case No.: 3:21-cv-01020-CSH |
| LUIZ DE MOURA CASTRO, by his next | | |
| friend Helena Hilario | : | |
|     Plaintiffs | | |
| v. | : | |
| LOANPAL, LLC d/b/a GOODLEAP, | : | |
| PRIME ENERGY LLC d/b/a PRIME | | |
| ENERGY SOLAR, | | |
| 1ST LIGHT ENERGY, INC. | | |
|     Defendants | : | OCTOBER 08, 2021 |

## AFFIDAVIT IN SUPPORT OF MOTION OF DEFENDANT, LOANPAL MOTION FOR STAY

I, Jason Walker, being duly sworn, upon information and belief, depose and say as follows:

1. I am employed as the Chief Credit Officer of Goodleap, LLC (fka Loanpal, LLC) ("Goodleap").

2. I am over the age of eighteen (18), familiar with the allegations set forth with Plaintiff's Complaint, and believe in the obligations of an oath.

3. The salesman, Mark Murphy, referred to in 23 et. seq. of the Plaintiff's Complaint, is not now and was not at the time in question an employee or agent of Goodleap.

4. Goodleap is a lender for home improvement projects. Goodleap does not perform any "home improvement" services as listed in §20-419(4) of C.G.S.:

> repair, replacement, remodeling, alteration, conversion, modernization, improvement, rehabilitation or sandblasting of, or addition to any land or building or that portion thereof which is used or designed to be used as a private residence, dwelling place or residential rental property, or the construction, replacement, installation or improvement of driveways, swimming pools,

1

porches, garages, roofs, siding, insulation, sunrooms, flooring, patios, landscaping, fences, doors and windows, waterproofing, water, fire or storm restoration or mold remediation in connection with such land or building or that portion thereof which is used or designed to be used as a private residence, dwelling place or residential rental property or the removal or replacement of a residential underground heating oil storage tank system . . .

5. Goodleap uses electronic signatures with respect to the execution of its loan documents where allowed by law. Attached hereto is a true and correct copy of the electronic signature agreement provision agreed to by consumers prior to signing the loan agreement.

*Jason Walker*
Chief Credit Officer, Goodleap, LLC

Subscribed to and sworn to before me this 8th day of October, 2021.

*Tamara Nemecek*

Notary Public
My Commission Expires:

TAMARA NEMECEK
Notary Public - California
Placer County
Commission # 2308953
My Comm. Expires Nov 13, 2023

## ELECTRONIC RECORD AND SIGNATURE DISCLOSURE

From time to time, GoodLeap (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through the DocuSign system and directly. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to this Electronic Record and Signature Disclosure (ERSD), please confirm your agreement by selecting the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

### Getting paper copies

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. You will have the ability to download and print documents we send to you through the DocuSign system during and immediately after the signing session and, if you elect to create a DocuSign account, you may access the documents for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $0.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

### Withdrawing your consent

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

### Consequences of changing your mind

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. Further, you will no longer be able to use the DocuSign system to receive required notices and consents electronically from us or to sign electronically documents from us.

**All notices and disclosures will be sent to you electronically**

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through the DocuSign system or directly all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures electronically from us.

**How to contact GoodLeap:**

You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:
To contact us by email send messages to: bfieber@goodleap.com

**To advise GoodLeap of your new email address**

To let us know of a change in your email address where we should send notices and disclosures electronically to you, you must send an email message to us at bfieber@goodleap.com and in the body of such request you must state: your previous email address, your new email address.  We do not require any other information from you to change your email address.

If you created a DocuSign account, you may update it with your new email address through your account preferences.

**To request paper copies from GoodLeap**

To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an email to bfieber@goodleap.com and in the body of such request you must state your email address, full name, mailing address, and telephone number. We will bill you for any fees at that time, if any.

**To withdraw your consent with GoodLeap**

To inform us that you no longer wish to receive future notices and disclosures in electronic format you may:

i. decline to sign a document from within your signing session, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;

ii. send us an email to bfieber@goodleap.com and in the body of such request you must state your email, full name, mailing address, and telephone number. We do not need any other information from you to withdraw consent. The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process.

**Required hardware and software**

The minimum system requirements for using the DocuSign system may change over time. The current system requirements are found here: https://support.docusign.com/guides/signer-guide-signing-system-requirements.

**Acknowledging your access and consent to receive and sign documents electronically**

To confirm to us that you can access this information electronically, which will be similar to other electronic notices and disclosures that we will provide to you, please confirm that you have read this ERSD, and (i) that you are able to print on paper or electronically save this ERSD for your future reference and access; or (ii) that you are able to email this ERSD to an email address where you will be able to print on paper or save it for your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format as described herein, then select the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

By selecting the check-box next to 'I agree to use electronic records and signatures', you confirm that:

- You can access and read this Electronic Record and Signature Disclosure; and
- You can print on paper this Electronic Record and Signature Disclosure, or save or send this Electronic Record and Disclosure to a location where you can print it, for future reference and access; and
- Until or unless you notify GoodLeap as described above, you consent to receive exclusively through electronic means all notices, disclosures, authorizations,

acknowledgements, and other documents that are required to be provided or made available to you by GoodLeap during the course of your relationship with GoodLeap.